FILED
SUPERIOR COURT
OF GUAM

2021 OCT 20 PM 1:52

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ANGELINA LYNN FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL BRANDON FLORES,<br><br>Defendant. | DOMESTIC CASE NO. DM0112-21<br><br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on June 27, 2021 for a motion hearing on the Plaintiff's Motion for Pendente Lite Spousal Support and Attorney's Fees. Plaintiff Angelina Lynn Flores ("Plaintiff") is represented by Attorney Gary Gumataotao. Defendant Paul Brandon Flores ("Defendant") is represented by Attorney Catherine Bejerana Camacho.

Having considered the arguments, pleadings and applicable law, the Court hereby **DENIES** Plaintiff's Motion for Pendente Lite Spousal Support and Attorney's Fees.

## BACKGROUND

Plaintiff and Defendant (the "Parties") were married on June 24, 2016 and separated on January 1, 2020. Compl. (Mar. 16, 2021). There are two minor children of the marriage, to include Anaiyah (age seven) and Ameah (age four) (collectively the "Children"). *Id.* Claiming

irreconcilable differences, Plaintiff filed the Verified Complaint for Divorce on March 16, 2021. Defendant filed the Verified Answer and Counterclaim for Divorce on April 9, 2021. Plaintiff answered Defendant's Answer and Counterclaim on April 20, 2021.

On May 17, 2021, Plaintiff filed an Ex Parte Motion for a Temporary Restraining Order seeking to prevent the Defendant from threatening or harassing Plaintiff in order to obtain possession of the Parties' 2016 Toyota Highlander. Plaintiff filed an Addendum to the Ex Parte Motion for a Temporary Restraining Order containing a text message between the Parties on May 19, 2021. Defense counsel filed the Reply and Opposition to Plaintiff's Motion for a Temporary Restraining Order and the Defendant's supporting declaration on May 19, 2021. Plaintiff filed a Partial Response and Objection to TRO on May 19, 2021. After a hearing held on May 19, 2021, the Court issued an order on May 26, 2021 preventing the Parties from threatening, harassing or communicating with each other except as expressly provided in the order, setting temporary visitation arrangements for the Children, setting communication parameters between the Parties regarding the Children, and also providing that Plaintiff shall have use of the 2016 Toyota Highlander beginning May 2021 and shall also pay the chattel mortgage and insurance on the vehicle from that date forward while it is in her possession. The Order also provided that Defendant shall continue paying the Parties' Docomo bill.

On June 8, 2021, Plaintiff filed the Motion for Pendente Lite Spousal Support and Attorney's Fees along with the Plaintiff's declaration. On July 6, 2021, Defendant filed his opposition and supporting declaration. Plaintiff filed a Reply to the Defendant's opposition on July 20, 2021. A motion hearing was held on July 27, 2021, after which this matter was taken under advisement.

## DISCUSSION

**I.    The Court finds Plaintiff is not entitled to spousal support under 19 GCA § 8402 because her imputed income is sufficient to cover basic living expenses.**

Plaintiff brings this motion for spousal support under 19 GCA § 8402. Section 8402 provides that in a divorce proceeding, "the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children...." *See* 19 GCA § 8402(a). Section 8402 is based on former California Code Section 137, which makes California case law interpreting this section persuasive. *Cruz v. Cruz*, 2005 Guam 3, ¶ 9. When determining spousal support, courts consider "[t]he circumstances of the parties, including the property which each possesses, their respective incomes and earning abilities, as well as their needs...." *Sweeley v. Sweeley*, 28 Cal. 2d 389, 390, 170 P.2d 469, 470 (1946). A wife who is applying for spousal support must also show "[t]he existence of the marriage, the needs of the wife, and the ability of the husband to pay." *Id.* Other criteria courts may consider include the financial need of the requesting spouse, the other spouse's ability to pay, as well as "earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1201–02 (Fla. 1980).

The Guam Child Support Guidelines further provide that a court may impute income to a parent should they be unemployed or underemployed as a matter of choice and not for reasonable cause. *See* 19 GAR 1203(a)(5). "In determining whether a parent has the opportunity to work, the court must determine whether there is a 'substantial likelihood that a party could, with reasonable effort, apply his or her education, skills and training to produce income.'" *Leon Guerrero v. Moylan*, 2002 Guam 18, ¶ 32 (quoting *Cohen v. Cohen*, 76 Cal.Rptr.2d 866, 871, 65 Cal.App.4th 923, 930 (Ct.App.1998)). "Willingness to obtain

employment generating a higher income is shown by good faith efforts, due diligence, and meaningful attempts to secure employment." *Leon Guerrero*, 2002 Guam 18, ¶ 33 (citing *Padilla v. Padilla*, 45 Cal.Rptr.2d 555, 558, 38 Cal.App.4th 1212, 1218 (Ct.App.1995)). "Generally, if a parent is employable, capable of working, and chooses to remain underemployed or unemployed, the parent's employment status is voluntary." *Richardson v. Richardson*, 2010 Guam 14, ¶ 32 (citing 19 GAR § 1203(a)(5)).

If a parent is voluntarily unemployed, courts apply a "state of mind" balancing test to determine whether a parent had reasonable cause to be unemployed or underemployed and whether attribution of income to that parent is appropriate. *Id.* ¶ 33 (citing *Leon Guerrero*, 2002 Guam 18 ¶¶ 31–37). "[W]e first look at the impact an employment decision has on the children and then consider the 'overall reasonableness of a parent's decision, looking at both the nature and reasons' for the decision." *Id.* Courts should evaluate whether caring for children is a reasonable cause for unemployment. *Id.* ¶ 31 (citing 19 GAR § 1203(a)(5)).

While the Guam Child Support Guidelines provide that "'caring for children' may be a 'reasonable cause' for being voluntarily unemployed or underemployed," it is unclear as to what specific circumstances constitute reasonable cause. *Richardson*, 2010 Guam 14, ¶ 34 (citing 19 GAR § 1203(a)(5)). However, the Guam Supreme Court has made clear that caring for children is not a reasonable cause for voluntary unemployment while children are attending school. *Id.* ¶ 37. Furthermore, the Guam Supreme Court has rejected the view that the custodial parent may remain voluntarily unemployed or underemployed in *all* circumstances, because doing so would contradict the shared duty to financially support children, and "would mean the custodial parent would never be expected to work." *Id.* ¶ 35.

Here, Defendant argues that Plaintiff is fully capable of earning money to support herself, as she did for eighteen months following the Parties' separation. *See* P. Flores Decl. ¶¶ 6, 10 (Jul. 6, 2021); Opp'n (Jul. 6, 2021) at 2. Plaintiff was employed since the Parties separated in January 2020, but voluntarily quit her job in May of 2021. *Id.* Defendant contends that Plaintiff deliberately chose to be unemployed. Opp'n at 3. At the June 24, 2021 child support hearing, Plaintiff indicated she resigned from her position on May 24, 2021 because her sister and childcare provider was supposed to leave the island, although her sister was still on island at the time of the hearing. P. Flores Decl. ¶ 10. While Plaintiff claims her only alternative is to seek assistance from the Defendant in the form of spousal support, Defendant contends that he is willing and able to provide childcare for the children to enable Plaintiff to work to support herself. *Id.* ¶¶ 5, 11. Defendant has indicated that if Plaintiff is unable to care for the Parties' children, he is able to do so, as he already does for his older three children. *Id.* ¶ 5. Defendant makes $5,604.37 per month and contends that with his monthly expenses, he cannot afford to provide spousal support in addition to the child support he currently pays to the Plaintiff every month. *Id.* ¶¶ 6, 8. Defendant is also solely responsible for providing for his three older children, who are ages 9, 10 and 11. *Id.* ¶ 4.

Plaintiff, on the other hand, contends she was forced to resign from her recent position because of a lack of adequate childcare and that she is now unable to procure employment because of the pandemic and state of the economy. A. Flores Decl. ¶ 9 (Jun. 8, 2021); Mot. (Jun. 8, 2021) at 3. Plaintiff asserts she is currently unable to provide for the bare necessities to maintain her household, while Defendant has income sufficient to support her. A. Flores Decl. ¶¶ 8-13. Plaintiff further argues that in part due to her sacrifices during the marriage, Defendant enjoys a higher paying job, higher education, and that her earning capacity does not match Defendant's. Mot. at 3.

According to the latest Child Support Worksheet filed in CS0026-21, Plaintiff's stipulated income from her recent employment at Guam Regional Transit Authority is $2,210 per month. *See* Stipulated Findings and Order Re: Child Support (Sept. 24, 2021). Plaintiff also receives $1,059.85 from Defendant in child support every month. *Id.* While one of the Children is not school-aged, the Supreme Court has not determined that caring for children who are not attending schools is *always* a reasonable cause for voluntary unemployment. The Court finds that Plaintiff's decision to quit her job was adverse to the children and unreasonable as she now claims to be unable to provide for the bare necessities to maintain her household. The choice to be unemployed is also unreasonable because Defendant indicated that he is willing and able to provide childcare for the children to enable Plaintiff to work to support herself. The Court therefore imputes income to Plaintiff in the amount of $3,269.85. Plaintiff's imputed income of $3,269.85 exceeds her estimated expenses of $2,910. A. Flores Decl. ¶ 13.

In *Guzman v. Guzman*, DM0772-08, (Judge, M.J. Bordallo, April 29, 2009), the court denied the wife's request for separate maintenance payments after the dissolution of a nineteen-year marriage. In that case, the wife asserted she had no employment skills, could not find employment, and even claimed to have to borrow money for items not covered by food stamps. However, the husband provided for the parties' debts, housing and utilities. The court found that after imputing onto the wife a minimum wage income of $1,135.34 per month, her expenses fell within the income imputed to her. Furthermore, the court found that she had the skills to obtain full-time minimum wage employment. For these reasons, the court did not grant the wife's request for separate maintenance payments.

Similar to *Guzman*, Plaintiff's request for spousal support should be denied because her basic expenses fall within the $3,269.85 income imputed to her. Unlike *Guzman*, where the Parties were married for 19 years and the wife lacked employment skills, the Parties in this

matter were married for only 3.5 years before separating. Compl. Additionally, Plaintiff has the skills to obtain full time employment, as she was gainfully employed for eighteen months following the Parties' separation.

Because Plaintiff has the earning capacity to provide for her basic expenses based on the income imputed to her, and because Defendant cannot afford to pay Plaintiff additional spousal support in addition to child support he already pays every month, the Court is not persuaded that spousal support is necessary. For these reasons, the Court **DENIES** Plaintiff's request for spousal support.

## II.    The Court declines to award Plaintiff attorney's fees because she has sufficient earning capacity to provide for her legal expenses.

In the dissolution of a marriage, a court has the discretion to "require the husband or wife, as the case may be, to pay . . . any money necessary to enable the wife, or husband to . . . prosecute or defend the action." *See* 19 GCA § 8402(a). A Court may award attorney's fees after reviewing relevant evidence and factors such as invoices and the parties' income during the marriage and post-divorce. *Cruz v. Cruz,* 2005 Guam 3, ¶¶ 13-14. When considering what is "necessary" for a party to prosecute or defend and action, courts may consider the circumstances of the parties, their necessities and financial ability, and a demonstrated need for support through a showing that the expenses of litigation exceed a party's resources. *Id.* ¶ 10. "It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees." *Canakaris v. Canakaris,* 382 So. 2d 1197, 1205 (Fla. 1980).

Here, Plaintiff argues that $5,000 in attorney's fees should be paid by Defendant because Defendant blocked Plaintiff's access to marital community funds. A. Flores Decl. ¶ 4, 7. Plaintiff also contends she has been stripped of his additional income, and Defendant can

afford to pay for Plaintiff's legal costs. *Id.* ¶¶ 3, 8. Although Defendant has a gross income of $5,604.37, his take home pay is lower. B. Flores Decl. ¶ 6. Defendant's monthly estimated expenses total $5,555.70, and include caring not only for the Parties' two children, but also his three older children, whom he is solely responsible for. *Id.* ¶¶ 4, 6. Meanwhile, Plaintiff has an imputed income of $3,269.85 and estimated expenses of only $2,910. Given that Plaintiff should have sufficient earning capacity and access to resources to provide for her legal expenses, the Court does not find a sufficient basis to grant Plaintiff's request.

In the case of *Johnson v. Johnson*, DM0386-04 (Judge, K. Maraman, June 7, 2006), the Court denied awarding the wife's request for attorney's fees despite the fact that the husband earned more than double the wife's income. "While it may be true that [husband's] income exceeds [wife's] income, the Court is not convinced that [wife's] need for proper support and the expenses incurred in the divorce case exceed her available resources." *Johnson v. Johnson*, DM0386-04 (Judge, K. Maraman, June 7, 2006), pp 4-5. In that case, the husband had assumed all community debts and paid for dental and health insurance for the minor children. *Id.*

Similar to *Johnson*, the Court in the instant matter is not convinced that the Plaintiff's need for support to pay for expenses incurred during the divorce exceed her available resources given her imputed income and earning capacity. Defendant not only pays child support, but continues to pay for the Children's dental and health insurance. Opp'n at 4. Additionally, he pays for the Parties' and children's phone and internet expenses. Thus, similar to *Johnson*, Plaintiff is not necessarily entitled to attorney's fees due to her lower income.

Plaintiff cites to *Canakaris v. Canakaris*, 382 So. 2d 1197, 1205 (1980) to support her argument that she need not be completely unable to pay attorney's fees in order for the Court to require the Defendant to pay such fees. However, *Canakaris* is distinguished because in that case the husband had significantly greater resources than his wife, having retained property

exceeding $3.3 million while his wife retained property approximating only $385,000. *Id.* at 1204. There, the Supreme Court of Florida found that given the husband's superior financial ability to secure counsel and the complexity of the case, it was proper to award the wife attorney's fees. *Id. at* 1204-05. The instant case is clearly distinguished because the Defendant does not have a significantly superior financial ability to secure counsel and this matter is not nearly as complex. Thus, the Court finds *Canakaris* is distinguished on its facts and Plaintiff's argument is unpersuasive. For these reasons, the Court **DENIES** Plaintiff's request for attorney's fees.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Pendente Lite Spousal Support and Attorney's Fees.

**IT IS SO ORDERED** ___OCT 2 0 2021___.



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam